[Sac. No. 119.   Department Two.—November 27, 1896.]

## THE GUILD GOLD MINING COMPANY, APPELLANT, *v.* LYSANDER MASON, RESPONDENT.

ACTION UPON CONTRACT—TERMS OF CONTRACT—CONFLICTING EVIDENCE—REVIEW UPON APPEAL.—In an action upon a contract, where there is conflicting evidence upon issue joined as to the terms of the contract, and the defendant's version of the contract is adopted by the jury, its verdict upon that issue is conclusive upon appeal.

ID.—CONTRACT TO WORK SULPHURETS—PERCENTAGE OF ASSAY—RETURN OF BULLION—PLEADING—FRAUD—NEGLIGENCE—CUSTOM AS TO TAILINGS.—In an action upon an alleged contract to work sulphurets at a fixed price per ton, and to return to plaintiff ninety per cent of their assay value, for an alleged breach in failing to return that percentage, where the answer joined issue as to the alleged agreement for percentage, and alleged an agreement merely to return the total amount of bullion obtained, less the agreed price per ton, which defendant had done, and the jury found for the defendant upon conflicting evidence upon the issues joined, no question of fraud, or negligence in working the sulphurets, whereby a large amount was lost in the tailings, can be considered upon appeal, where there is no allegation in the complaint of a character to sustain such a cause of action, and no allegation or evidence of any custom or agreement that the tailings should belong to or be delivered to the plaintiff, and where the evidence tended to show that the sulphurets were rebellious and difficult to work, and there was no proof that defendant did not honestly and faithfully work them, nor that he did not return to plaintiff all the gold obtained.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial.   G. W. NICOL, Judge.

The facts are stated in the opinion.

*F. P. Otis*, for Appellant.

*F. W. Street*, for Respondent.

HAYNES, C.—Appellant is the owner of a gold mine in Tuolumne county, and respondent owns and operates chlorination works in that county. This action was brought by the plaintiff upon an alleged contract made by it with the defendant, whereby the defendant was to work and reduce for the plaintiff certain sulphurets for the price or compensation of seventeen dollars per ton, and to return to plaintiff at least ninety per cent of the assay value thereof.

The sulphurets were worked by the defendant and the gold bullion obtained therefrom was returned to plaintiff; but, if the contract was as the plaintiff alleged it to be, the defendant should have returned seven hundred and twenty dollars and ninety-five cents more than was actually returned to the plaintiff. The defendant alleged the contract to be, in effect, that he would work the sulphurets for seventeen dollars per ton, and return the "bar," that is, the total amount of bullion obtained from the sulphurets; in other words, that he did not agree to obtain and account for at least ninety per cent of the assay value, but that he would only account for so much gold as he obtained from the sulphurets, less his working charges of seventeen dollars per ton.

The cause was tried by a jury and a verdict returned for the defendant. Plaintiff's motion for a new trial was denied, and it appeals from the judgment and from the order denying said motion.

Counsel for appellant concedes that there is a conflict in the evidence as to what the agreement was between the parties, and that therefore the defendant's version of it, having been adopted by the jury, is conclusive upon appeal, but insists that it appears from the testimony of the defendant himself that he did not return

to plaintiff all the gold obtained by him from the sulphurets he worked for the plaintiff. This contention cannot be sustained. The defendant testified in substance that he did deliver all the gold he obtained, and we find no testimony to the contrary; but we understand counsel's contention in this regard to be that defendant should have obtained ninety per cent of the assay value of the sulphurets, and that he failed to do so; and he makes the estimate that there is in the tailings retained by the defendant, and which he never offered to return, five hundred and thirty dollars, which the assay of the tailings shows remained therein, and was not extracted by the defendant. The evidence shows that after the defendant had worked part of the sulphurets he was dissatisfied with the result, and communicated that fact to the plaintiff. He also admits that he stated to the plaintiff, at the time the contract or agreement was originally made, that he ought to obtain ninety per cent of the assay value of the sulphurets. If from fraud, lack of skill, or from carelessness or negligence in working the sulphurets a large amount was lost in the tailings, it might be that the plaintiff would have had a cause of action for negligence or want of skill, and the assay of the tailings would have shown approximately the amount of damages; but there is no allegation in the complaint of a character tending to sustain such a cause of action; but the cause of action is based upon an agreement that he would obtain and return, or return, whether obtained or not, at least ninety per cent of the assay value of the sulphurets delivered to him, and more if more should be obtained; nor is there any allegation or evidence of any custom or agreement that the tailings should belong to or be delivered to the plaintiff. The evidence tends to show that the sulphurets were rebellious and difficult to work, but there is no evidence tending to show that the defendant did not honestly and faithfully work them, nor that he did not return to plaintiff all the gold obtained. Some alleged errors of law occurring upon the trial are

specified in the statement, but none of these are noticed or commented upon in appellant's brief. We have examined these exceptions, however, but find no error justifying a reversal of the judgment.

The judgment and order appealed from should be affirmed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

MCFARLAND, J., HENSHAW, J., TEMPLE, J.